UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | | |
|---|---|---|
| Stephen and Aimee Lawson, individually and on behalf of their three minor children, Casey, Lillian, and Samantha, | ) ) ) ) | CASE NO. |
| Plaintiff | ) ) | |
| vs. | ) ) | |
| M/V NORWEGIAN SPRIT, *IN REM,* AND NCL (BAHAMAS) LTD., D/B/A NORWEGIAN CRUISE LINE | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Stephen and Aimee Lawson, individually and on behalf of their three minor children, Casey, Lillian, and Samantha, all of whom are United States citizens and residents of the State of Oregon, who respectfully represent as follows:

1.

The following parties are made defendants herein:

    A.    M/V Norwegian Sprit, *in rem*; and

B. NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line, (hereinafter sometimes referred to as "NCL"), a foreign corporation doing business in, and with substantial business contacts and base of operations in, Miami-Dade County, Florida, with a principal place of business at 7665 Corporate Center Drive, Miami, Florida, and which at all pertinent times herein owned/operated, chartered and/or managed M/V Norwegian Spirit.

2.

Plaintiffs' claims are made under General Maritime Law, and are being brought pursuant to the Court's admiralty and maritime jurisdiction pursuant to 28 USC 1333 and 28 USC 1332(a). Plaintiff hereby designates this matter as a 9(h) claim under the Federal Rules of Civil procedure.

3.

In the alternative, subject matter jurisdiction is also proper because there is complete diversity between the Plaintiffs and the Defendants, and because the amount in controversy exceeds $75,000.

4.

Venue is proper in this Court because Miami-Dade County is the Defendants' principal place of business, and because the passenger ticket contract requires that this action be brought in the United States District Court for the Southern District of Florida.

5.

On or about November 28, 2010, the Plaintiff boarded the M/V Norwegian Spirit while it was docked at the Port of New Orleans.

6.

As Samantha walked through the vessel, unexpectedly and without warning the automatic doors closed violently on her head.

7.

All the family members either directly witnessed this traumatic incident, or came upon the scene of the incident shortly after its occurrence.

8.

As the result of her injuries, Samantha was escorted to the medical facility on the vessel, at which time the medical personnel misdiagnosed her head injury.

9.

Specifically, the medical staff informed Samantha and her family that there was blood in her ear canal, and that she should be removed from the vessel and transported to an emergency room.

10.

On information and belief, this misdiagnosis was made in order to improperly and unnecessarily persuade the Plaintiffs to disembark the vessel so the crew could leave port without further delay.

11.

This misdiagnosis significantly increased the stress and emotional distress of the Plaintiffs.

12.

Upon arrival at Children's Hospital, Samantha was diagnosed with a concussion, but the misdiagnosis of blood in her ear canal was debunked.

13.

The removal from the vessel caused Plaintiffs to miss a significant portion of their planned vacation.

14.

At all times, the medical staff who misdiagnosed Samantha were agents, servants, and employees of the Defendants, for whom they are responsible.

15.

At all times, the automatic door and its component parts which injured Samantha was in the custody and control of Defendants, who had a duty to maintain it in good working order, and to ensure that it was free of defect and malfunction.

16.

At all times, Defendants, through their agents, servants, and employees, had a duty to provide the Plaintiffs with a safe environment.

17.

Defendants had actual notice of this incident and claim as of the date of the incident due to the Plaintiffs' immediate report of same to the vessel and its crew.

18.

At all times, Plaintiffs conducted themselves in a reasonable and prudent manner and the injuries and damages sustained by Plaintiffs were caused solely by the negligence of the defendants, M/V Norwegian Sprit, *in rem*, and NCL, through their agents, servants, and employees and the vessel, which are more particularly described as follows:

1. Failure to provide a competent and adequate crew;

2. Failure to provide competent supervision;

3. Failure to see what should have been seen, or if it saw the same, the failure to act in accordance therewith;

4. Failure to exercise due care and caution;

5. Failure to avoid this accident;

6. Failure to provide a safe environment for the Plaintiffs;

7. Failure to provide competent and accurate medical advice;

8. Failure to monitor, maintain, or repair the subject automatic doors or its component parts;

9. Failure to adequately warn passengers of the hidden peril of the automatic doors or its component parts;

10. Failure to remedy a hazardous condition of which it know or should have known;

11. Failure to discover in a timely manner the hazardous condition of the automatic doors or its component parts.

19.

In the further alternative, Plaintiffs, reiterating and re-alleging each and every allegation made herein, as though set froth *in extenso*, avers the applicability of the doctrine of *Res Ipsa Loquitur*.

20.

In the further alternative, Plaintiffs allege that at all material times, the Defendants owned, controlled, maintained, manufactured, assembled, installed, and/or designed the automatic doors in question, or caused them to be manufactured, assembled, installed, and/or designed.

21.

Defendants knew the doors would be used by passengers of the vessel without inspection for defects or dangers, and knew or should have known that the doors were defective.

22.

At the time of the incident, the doors were being used in a manner in which there were intended to be used.

23.

The doors were designed, manufactured, or maintained in a manner that made the injury-causing event to be foreseeable, and which caused their usefulness to be outweighed by the likelihood of injury.

24.

Additionally Defendants did not give adequate warning of the danger.

25.

The Plaintiffs' injuries are the direct and proximate result of the above pleaded acts and omissions, which give rise to the claim of strict liability.

26.

As a result of the incident sued upon herein, Plaintiff Samantha Lawson has suffered severe personal injuries, including a concussion, along with the necessary medical bills for same. Plaintiff Samantha Lawson has also sustained and will continue to sustain extensive pain, suffering, and mental anguish.

27.

Plaintiffs, Stephen, Aimee, Casey, and Lillian Lawson also suffered bystander injuries of emotional distress, the recovery of which is authorized by Louisiana Code of Civil Procedure Article 2315.6, *inter alia*.

28.

As a result of the injuries to Samantha and the misdiagnosis of same, Plaintiffs also suffered economic harm, including the loss of a significant portion of their vacation, for which expenses had been incurred.

29.

Also, due to the Defendants refusal to honor Plaintiff's medical bills that were incurred as a direct result of Samantha's injuries, and for which repeated pre-litigation demand had been made, Plaintiffs have suffered additional damages to their credit rating, since the bills have been placed into collection, and they have also suffered additional emotional distress as a result.

30.

The Defendants' breaches of their duties to Plaintiffs were the legal and proximate causes of their damages.

31.

Plaintiffs demand trial by jury of all issues so triable as of right.

32.

Plaintiffs are entitled to, and pray for, pre-judgment interest from the date of loss.  As to any damages that the Court determines are not properly subject to an award of pre-judgment interest from the date of loss, Plaintiffs demand interest from the date of judicial demand.

33.

Plaintiffs are also entitled to, and specifically pray for, all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

34.

**WHEREFORE**, Plaintiffs pray that after all due proceedings are had, there be a judgment in favor of Plaintiffs, Stephen and Aimee Lawson, individually and on behalf of their three minor children, Casey, Lillian, and Samantha, against Defendants, M/V Norwegian Sprit, *in rem*, and NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line, jointly and severally, and/or *in solido*, for all their damages, granting to Plaintiffs legal interest on all sums awarded from the date of injury, or alternatively, from date of judicial demand, until paid, together with all costs of these proceedings, and for reasonable attorney's fees. Plaintiffs further pray for any and all general and equitable relief.

Respectfully submitted,

Dated: November 16, 2011

By: s/William C. Wright

THE WRIGHT LAW OFFICE, P.A.
WILLIAM C. WRIGHT (Florida SBN 138861)
301 Clematis Street, Suite 3000
West Palm Beach, FL 33401
Telephone: 561-514-0904
Facsimile: 561-514-0905
willwright@wrightlawoffice.com

Edward R. McGowan, T.A. (La. Bar. No. 26415)
EDWARD ROBERT MCGOWAN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, Louisiana 70130
Telephone: (504) 858-5280
Facsimile: (866) 908-1882
edwardmcgowanlaw@mac.com

Attorneys for Plaintiffs